UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT GERROD WILSON,

        Petitioner,

    v.                                                23-CV-208-LJV-JJM
                                                         ORDER

THOMAS STICHT, Superintendent,

        Respondent.

---

The pro se petitioner, Robert Gerrod Wilson, is a prisoner confined at the Wyoming Correctional Facility.  He commenced this action on March 7, 2023, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Docket Item 1.  As he alleges in more detail in the petition, Wilson claims that his conviction in New York State Supreme Court, Monroe County, violated his constitutional rights.  *Id.*

On December 18, 2023, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B).  Docket Item 15.  Judge McCarthy then issued a report and recommendation ("R&R") recommending that Wilson's petition be denied.  Docket Item 17.  Wilson did not object to Judge McCarthy's R&R; instead, he moved to stay this action to allow him to "fin[]alize exhaustion."  *See* Docket Item 18 at 1.[1]  The respondent opposed that motion, Docket Item 24, and Wilson replied, Docket Item 25.

---

[1] Page numbers in docket citations refer to ECF pagination.

For the reasons that follow, Wilson's motion to stay is DENIED without prejudice as premature. But as discussed in more detail below, he may move to file an amended petition within 45 days of the date of this order. If he chooses not to do so, the Court extends his time to file objections, and he may instead object to Judge McCarthy's R&R.

## BACKGROUND

After a trial in New York State Supreme Court, Monroe County, Wilson was convicted of "[r]ape in the first degree, attempted strangulation in the second degree, and rape in the third degree." Docket Item 1 at 1. As relevant to the motion to stay, the petition asserted five grounds that, according to Wilson, entitled him to habeas relief: a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986); two claims that his attorney was ineffective; a claim based on the prosecution's allegedly "improper comments" during the summation; and a claim that the "evidence was not legally sufficient to support his convictions." *See* Docket Item 1 at 5-12.[2]

In evaluating Wilson's petition, Judge McCarthy agreed with the respondent that Wilson presented "both exhausted and unexhausted ineffective assistance of counsel claims." Docket Item 17 at 18. More specifically, on direct appeal in state court, Wilson had raised an ineffective assistance of counsel claim concerning his attorney's failure to

---

[2] More specifically, Wilson alleged that: (1) the trial court allowed the prosecution to twice "discriminatorily exclude black" prospective jurors in violation of *Batson*, Docket Item 1 at 5; (2) he had been "deprived of the effective assistance of counsel" because his attorney failed to "utilize [the] medical records of [the] victim[]" to impeach the victim and failed to "investigate, . . . call expert medical witness[es], [and] . . . call impeaching witnesses," *id.* at 7; (3) "[t]he cumulative effect of the prosecutor[']s improper comments in summation" deprived him of "a fair trial," *id.* at 8; (4) his counsel was "ineffective" in failing to object to the use of an annotated verdict sheet, *id.* at 10; and (5) the "evidence was not legally sufficient to support his convictions," *id.* at 12.

cross-examine the victim using a notation in her medical chart. *Id.* at 16. But before filing the habeas petition, Wilson had raised neither the claim concerning his counsel's failure to investigate and call medical and impeachment witnesses nor the claim involving the failure to object to the use of an annotated verdict sheet. *Id.* at 18, 21.

Judge McCarthy nevertheless chose to address those claims on the merits and concluded that both failed. *Id.* at 19-23.[3] He then went on to conclude that the remaining, exhausted grounds in Wilson's petition were meritless as well. *Id.* at 15 (*Batson* claim); *id.* at 17-18 (ineffective assistance of counsel claim involving medical chart notation); *id.* at 25, 28-29 (prosecutor's comments in summation); *id*. at 32 (sufficiency of evidence).

Shortly after Judge McCarthy issued the R&R, Wilson—instead of objecting— moved to stay these habeas proceedings so that he could "fin[]alize exhaustion of the relevant matters." Docket Item 18 at 1. In that motion, Wilson advised the Court for the first time that on April 2, 2024, he had filed a motion under New York Criminal Procedure Law section 440.10 ("440.10 motion") raising unexhausted "questions of law and fact[]."[4] *See id*. at 4. And he said that after his 440.10 motion was denied by the trial court, he had sought leave to appeal to the New York State Supreme Court, Appellate Division, Fourth Department. *Id.* at 4-5, 9. Because that motion still was

---

[3] To be specific, Judge McCarthy concluded that Wilson's "conclusory allegations" about his counsel's failure to investigate or call witnesses fell "well short of establishing his entitlement to habeas relief." *Id.* at 19-20. And as to the failure to object to the annotated verdict sheet, Judge McCarthy found that "there [wa]s nothing in the record to suggest that it prejudiced Wilson." *Id.* at 23.

[4] In the petition, Wilson had said that a 440.10 motion "will be filed" in connection with his first ineffective assistance of counsel claim. Docket Item 1 at 7.

pending, Wilson asked this Court to stay his habeas proceeding.  *See id.* at 1 (requesting stay to exhaust "matters now before" the Fourth Department).

The respondent has opposed Wilson's motion for a stay, *see* Docket Item 24, and the current status of Wilson's 440.10 motion is unclear.

## DISCUSSION

As Judge McCarthy noted, *see* Docket Item 17 at 18-19, when certain requirements are met, a court may stay a petition for a writ of habeas corpus that raises both exhausted and unexhausted claims and hold it in abeyance so that the petitioner can return to state court and exhaust the unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 278 (2005).  More specifically, a court may stay such a petition—often called a "mixed petition," *see Rose v. Lundy*, 455 U.S. 509, 510 (1982)—when the petitioner shows that (1) there was "good cause" for the failure to exhaust the claims in state court before bringing the federal habeas petition, (2) the unexhausted claims being pursued are not "plainly meritless," and (3) the petitioner did not engage in any dilatory litigation tactics.  *See Sherrod v. Artus*, 2016 WL 3459539, at *2 (W.D.N.Y. June 24, 2016) (citing *Rhines*, 544 U.S. at 277-78).  The respondent argues that Wilson has not satisfied any of these three requirements.

But as the respondent also notes, separate and apart from the issue of whether the motion satisfies the *Rhines* standard, Wilson "appears to seek a stay in order to . . . expand upon his claims."  Docket Item 24 at 18.  Based on its review of Wilson's 440.10 motion, which the respondent provided when opposing the motion to stay, *see* Docket Item 24-1 at 4, the Court agrees.

4

As discussed above, Judge McCarthy concluded that the petition raised two unexhausted claims concerning ineffective assistance of counsel: that Wilson's attorney (1) failed to investigate and call medical and impeachment witnesses, and (2) failed to object to the use of an annotated verdict sheet. Docket Item 17 at 18, 21. The 440.10 motion, however, does not raise either of those claims.

Instead, Wilson's 440.10 motion raises new issues not raised in the habeas petition—namely, an actual innocence claim, Docket Item 24-1 at 21, and another, separate ineffective assistance of counsel claim, *id.* at 27. As to the latter claim, Wilson's 440.10 motion asserts that his attorney was ineffective because she failed "to gather camera footage," *id.* at 28, and did not interview "the exculpatory eyewitnesses [Wilson] provided," *id.* at 28-29. Wilson seems to suggest that those two eyewitnesses are a responding police officer, Eric Melendez, and Wilson's wife, Joan Marie Sachs, who had known the victim. *See id.* at 12. According to Wilson, Officer Melendez's "professional assessment . . . was very consistent with [Wilson's] version of what transpired," *id.* at 12, while Sachs would have testified "to what had actually occurred," *id.* at 30.

In contrast, Wilson's habeas corpus petition generally alleges that Wilson's counsel was ineffective because she "failed to investigate, . . . call expert medical witness[es], [and] . . . call impeaching witnesses." *See* Docket Item 1 at 7. It never mentions Melendez or Sachs, nor does it say anything about camera footage that Wilson's counsel failed to obtain.[5]

---

[5] In his motion for leave to appeal to the Fourth Department, Wilson suggests yet another claim for ineffective assistance of counsel: he says that his counsel "fail[ed] to discuss potential trial strategies" and defenses with him. *See* Docket Item 18 at 13.

The claims that Wilson now seeks a stay to exhaust therefore are not raised in the petition before the Court.  So Wilson's motion to stay is premature: even if the Court granted it, it would have no effect on the claims raised in his habeas petition that Judge McCarthy concluded were unexhausted.  *See Jones v. Superintendent*, 2016 WL 11807141, at *1 (N.D.N.Y. Jan. 21, 2016) (motion to stay "inappropriate" where new claims "appear[ed] to relate to the claims in . . . original petition" but were not "included in the original petition").  In other words, because the claims Wilson raised in his 440.10 motion were not raised in his habeas petition, he would need to amend his habeas petition before the stay he requests could have any effect.[6]

In fact, based what Wilson says in his motion to stay, that may be exactly what he intends to do.  *See* Docket Item 18 ¶ 13 ("[I]ssues now before the Appellate Court rise[] to a[] questionable level of law and fact constituting a[] legal basis for this Honorable Court[']s consideration of whether petitioners['] conviction(s) . . . are contrary to clearly established [f]ederal [l]aw.").  But for this Court to consider the claims Wilson is now raising in state court, Wilson must move under Rule 15 of the Federal Rules of Civil Procedure for leave to file an amended petition raising those claims.

Because Wilson is proceeding pro se, the Court will permit him to make such a motion **within 45 days of the date of this order**.  Consistent with Local Rule of Civil Procedure 15(a), that motion must be accompanied by a proposed amended petition

---

[6] Wilson's motion to stay not only is premature but also does not address any of the *Rhines* requirements.  *See generally* Docket Item 18.  And while his reply briefly refers to good cause, *see* Docket Item 25 at 10-12, Wilson still has made no attempt to rebut the respondent's argument, Docket Item 24 at 26, that he has engaged in dilatory litigation tactics.  Because Wilson has not established that he has met the three *Rhines* factors, his motion to stay fails for that reason as well.

raising all grounds for relief.  If the proposed amended petition includes claims based on the alleged ineffective assistance of counsel, it must raise every error that Wilson says constituted ineffective assistance by his counsel and include factual allegations supporting each alleged error.

Moreover, that motion also must explain why any new claims being raised for the first time are not barred by the one-year statute of limitations in 20 U.S.C. § 2244(d)(1) including, if applicable, whether they "relate back" to the claims pleaded in the petition. *See* Fed. R. Civ. P. 15(a); *Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

If Wilson does indeed file a motion and any new claims are unexhausted at the time he moves to amend his petition to include them, he must also re-submit a motion for a stay.  In any renewed motion for a stay, Wilson must clearly show (1) the "good cause" for his failure to exhaust the claims in state court; (2) that his unexhausted claims are not "plainly meritless"; and (3) that he has not deliberately engaged in "dilatory" litigation tactics.  *See Rhines*, 544 U.S. at 277.

In the alternative, if Wilson chooses not to move to file an amended petition, he may instead object to Judge McCarthy's R&R—which he failed to do previously—**within 45 days of the date of this order**.

7

**<u>ORDER</u>**

In light of the above, IT IS HEREBY

ORDERED that Wilson's motion for a stay, Docket Item 18, is DENIED without prejudice; and it is further

ORDERED that **within 45 days of the date of this order**, Wilson may file a motion for leave to file an amended petition, accompanied by a proposed amended petition raising all grounds that he claims entitle him to relief; and it is further

ORDERED that if new grounds included in the proposed amended petition remain unexhausted at the time of that motion's filing, Wilson shall at the same time submit a motion to stay that specifically addresses the *Rhines* standard articulated above; and it is further

ORDERED that if Wilson does not move to amend his petition **within 45 days of the date of this order**, he may, instead—**also within 45 days of the date of this order**, object to Judge McCarthy's R&R; and it is further

ORDERED that the Clerk of the Court shall send to Wilson a copy of this order; his original petition, Docket Item 1; and a form for filing a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254 for his use in filing a proposed amended petition.

SO ORDERED.

Dated:   March 31, 2026
         Buffalo, New York


                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE